## W. C. DAUGHERTY v. L. B. HARRIS.

(No. 4840.)

BILL OF EXCEPTIONS.— Case reversed, because appellant was not allowed to file affidavits to prove that the persons who made oath to application for change of venue were not credible persons.

APPEAL from Wilson county.   Opinion by WATTS, J.

STATEMENT.— Suit was filed in Atascosa county by W. C. Daugherty against John H. Slaughter upon a debt due by Slaughter to Daugherty.   Service on Slaughter was made by publication, he being a non-resident of the state.   At the time of filing the suit, attachment was issued against Slaughter and levied upon thirteen hundred head of cattle and one hundred and fifty head of horses as the property of Slaughter, the said property being in the possession of L. B. Harris, also of said county of Atascosa.

On March 24, 1877, Harris filed a claim to said property, and also a claim bond under the statute.   Issues were made up as to the right of the property under the direction of the court.   The case was tried in Atascosa county; where there was a disagreement of the jury resulting in a mistrial.   Harris then made application for change of venue supported by the affidavit of three persons.   Daugherty contested the application upon the ground that the affiants were not credible persons.   Upon the hearing of the application the court granted the same, and ordered that the same be sent to Wilson county.   A bill of exceptions was reserved to that ruling.

The case was tried in June, 1881, by the district court of Wilson county, resulting in a verdict and judgment for Harris.

The only error assigned that will be considered is that relating to the action of the court upon the hearing of the application for change of venue.

OPINION.—The application for change of venue was contested upon the ground that those making the supporting

affidavits were not credible persons. In the order granting the change of venue, it is stated that the affidavits in support of the application, as well as the counter-affidavits, were read and considered. But in the bill of exceptions taken to the ruling of the court upon that application, and which was duly allowed and signed by the presiding judge, it appears that plaintiff in error proposed, and offered to prove, that the affiants who made the supporting affidavits were not credible persons, which was refused, as stated in the bill, "for the reason that it was not in the discretion of the court, but a matter of absolute legal right to the party presenting such affidavits for change of venue, and the court refused to hear the evidence upon the subject."

The office of a bill of exceptions is to truly and correctly show the action or ruling of the court upon any particular question or matter, so that the action or ruling may be reviewed by the supreme court. Our statute provides that "when application for a change of venue is made in conformity to the requirements of the preceding articles, the same shall be granted unless it appear to the satisfaction of the judge, upon proof made before him, that the persons making the affidavits are not credible persons. R. S., art. 1272; Farley v. Deslonde, 58 Tex., 589. In the case at bar a legal right was denied to plaintiff in error, and we cannot say no injury resulted therefrom. Therefore, we conclude that the judgment ought to be reversed, and the case be remanded with direction that the same be retransferred to the district court of Atascosa county.